## Gessler v. Graham, Appellant.

*Contract—Sale—Cemetery monument—Compliance with contract—Evidence—Charge of court.*

In an action to recover the price of a monument, where the defense was that the granite used was not the kind stipulated, and that there were substantial defects in material and workmanship, the trial judge properly charges that the plaintiffs were bound to furnish the kind of granite specified, and if they did not they could not recover; and if they furnished the kind specified, but that the workmanship although not perfect, substantially complied with the contract, the plaintiff might recover the contract price less an allowance for minor defects.

Argued Jan. 3, 1912. Appeal, No. 95, Jan. T., 1911, by defendant from judgment of C. P. No. 4, Phila. Co., March T., 1910, No. 2732, on verdict for plaintiffs in case of John M. Gessler and Martin J. Gessler, co-partners, trading as John M. Gessler's Sons v. Emma P. Graham. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for the price of a monument.    Before
AUDENRIED, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for $1,615.    Defendant appealed.

*Errors assigned* were various portions of the charge.

*Avery D. Harrington,* with him *Edgar J. Pershing,*
for appellant.

*Clifton Maloney,* for appellees.

PER CURIAM, February 5, 1912:

This action was on a written contract for the erection of a monument in a cemetery.  The defense was
that the granite used was not the kind stipulated for
and that there were substantial defects in materials
and workmanship.  The instruction by the learned
trial judge was that the plaintiffs were bound to furnish the kind of granite they agreed to furnish and that
if they failed to do this, or failed to substantially comply with the contract in any respect, they could not
recover; that if the granite used was the kind stipulated for but the workmanship was not perfect, but
substantially complied with the contract, the plaintiff
might recover the contract price less an abatement or
allowance for minor defects.  With this instruction the
defendant had no just ground of complaint.  The
questions at the trial were purely those of fact and we
find no error in the manner in which they were submitted to the jury.

The judgment is affirmed.